FILED

2014 MAR 27 AM 11: 33

CLERK US DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERICKA MILLER,

Plaintiff,

-vs-

RENT-A-CENTER EAST, INC.

Defendant.

CASE NO.: 8:14 cv 743 T 17 MAP

**COMPLAINT**

Plaintiff, ERICKA MILLER, by and through her undersigned counsel, sues the Defendant, RENT-A-CENTER EAST, INC. and in support thereof respectfully alleges the following:

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA") and the Florida Consumer Collections Practices Act, Chapter 559, *et seq.* ("FCCPA").

**JURISDICTION AND VENUE**

2. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney's fees and cost.

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 47 U.S.C. §227(b)(3), 47 U.S.C. §227(c)(5), and F.S.§ 47.011.

4. Venue is proper in this District because the Plaintiff resides in this District (Hillsborough County) and the Defendant transacts business in Hillsborough County, Florida.

TPA-22623
$400

## FACTUAL ALLEGATIONS

5. Plaintiff is a natural person, and citizen of the State of Florida, residing in Hillsborough County, Florida.

6. Defendant is a corporation and a citizen of the State of Delaware with its principal place of business at 5501 Headquarters Drive, Plano, Texas.

7. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, Hillsborough County, Florida.

8. Defendant, at all times material, was attempting to collect on an account and/or was making calls on an account of Plaintiff's Agreement Number ending in 5253 (hereinafter the "subject account").

9. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number two (2) times a day from January, 2013 through July, 2013, and up to six (6) times a day from August, 2013 through January, 2014, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

10. Upon information and belief, some or all of the calls the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including, but not limited to, a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C §227(a)(1) (hereinafter "autodialer calls") as each time Plaintiff answered one of Defendant's calls an automated or prerecorded message would immediately begin to play, and in a completely different artificial and/or prerecorded voice another voice would give the telephone number Plaintiff was to return the telephone call to.

11. Each of the autodialer calls the Defendant made to the Plaintiff's cellular telephone number after April, 2013, was done so without the "prior expressed consent" of the Plaintiff.

12. In approximately January, 2013, Plaintiff began receiving autodialer calls from Defendant on her cellular telephone number, (813) 504-6997, concerning the subject account.

13. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (813) 504-6997, and was the called party and recipient of Defendant's autodialer calls.

14. The autodialer calls from Defendant came from telephone numbers which included, but are not limited to: 813-988-0291, 813-988-5115, 813-988-5116, 813-988-6006, and 813-777-6822.

15. After receiving these autodialer calls beginning in January, 2013, from Defendant, Plaintiff went to Defendant's place of business on April 20, 2013 and spoke with a representative of Defendant and told Defendant to stop sending her threatening texts and to stop calling her cellular telephone number repeatedly.

16. Despite informing Defendant to stop calling her, the Defendant's autodialer calls to Plaintiff's cellular phone continued.

17. The autodialer calls from Defendant continued approximately, on average, one (1) to two (2) times a day from January, 2013, until approximately July, 2013 and then up to six (6) times a day from August, 2013 through to January, 2014. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of autodialer calls made to Plaintiff over the relevant time period.

18. While Plaintiff did not keep detailed records of all the autodialer calls made by Defendant to Plaintiff's cellular telephone number, attached hereto as **Exhibit "A"** is a true and correct copy of some of Defendant's autodialer call frequency for the period of September 13, 2013

through December 19, 2013, showing approximately one hundred twenty-three (123) autodialer calls to Plaintiff's cellular telephone over that period of time.

19. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as they did to the Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to be removed from the Defendant's call list.

20. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls, well-beyond April 20, 2013, when Plaintiff first advised Defendant to stop calling Plaintiff.

21. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite the individual, like Plaintiff, advising Defendant to stop calling their cellular telephone number.

22. Defendant's corporate policy provided no means for the Plaintiff to have her cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

23. Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop.

24. Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to the Plaintiff's cellular telephone.

25. Plaintiff did not expressly consent to Defendant's placement of autodialer calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or the use of an artificial or prerecorded voice prior to Defendant's placement of the calls after April, 20, 2013.

26. Due to Defendant's constant autodialer calls and demands for payment and/or demands for location information for individuals other than Plaintiff, Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

**COUNT I**
**(Violation of the TCPA)**

27. Plaintiff re-alleges and incorporates Paragraphs one (1) through twenty-six (26) above as if fully stated herein.

28. None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

29. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant in April, 2013, to stop calling Plaintiff's cellular telephone number.

30. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

**COUNT II**
**(Violation of the Florida Consumer Collection Practices Act "FCCPA")**

31. Plaintiff re-alleges paragraphs one (1) through twenty-six (26) above as if fully stated herein:

32. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

33. Plaintiff is an alleged "debtor" and/or "consumer" pursuant to F.S. §559.55(2) as Defendant, per its conduct in continuing to call Plaintiff on the subject account despite knowing that Plaintiff was not its actual debtor, engaged in conduct that could only be construed as alleging that Plaintiff was obligated to pay said debt.

34. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the Plaintiff, an alleged debtor, with such frequency as can be reasonably be expected to harass the debtor.

35. Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse the Plaintiff, an alleged debtor.

36. Defendant has violated Florida Statute §559.72(7) by willfully calling and communicating with the Plaintiff with such frequency as can reasonably be expected to abuse the Plaintiff.

37. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of actual and statutory damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages for emotional and mental pain and suffering, fear, humiliation, embarrassment, frustration and loss of capacity for the enjoyment of life, costs, interest, attorney's fees pursuant to F.S. §559.77, and any other such relief the court may deem just and proper.

Respectfully submitted,

Michael J. Vitoria, Esquire
Florida Bar # 0135534
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
MVitoria@forthepeople.com
afloyd@forthepeople.com
Attorney for Plaintiff