**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ERICKA MILLER,

    Plaintiff,

v.                                        Case No. 8:13-CV-743-T-17MAP

CPL GROUP, INC. d/b/a
RENT KING,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

This matter comes before the Court pursuant to Plaintiff's, ERICKA MILLER, Motion for Default Judgment, (Doc. 17), filed September 2, 2014.  Defendant failed to respond.  For the reasons that follow below, Defendant's Motion is **GRANTED**.

## BACKGROUND

Plaintiff filed the subject complaint March 27, 2014, (Doc. 1), and amended the complaint April 8, 2014.  (Doc. 8).  On April 17, 2014, Plaintiff executed service on Defendant CPL Group, Inc. ("CPL"), and filed the return of service April 23, 2014.  (Doc. 13).  CPL is the only remaining Defendant.  (Doc. 8; see Doc. 11).  On May 9, 2014, Plaintiff moved for Entry of Clerk's Default against CPL, (Doc. 14), and the Clerk of Court entered default against CPL on May 12, 2014. (Doc. 15).  On September 2, 2014, Plaintiff then moved for default judgment against CPL, and subsequently provided Plaintiff's affidavit in support. (Doc. 19).  Defendant has not responded to the Complaint, Amended Complaint, Motion for Entry of Clerk's Default, Entry of Clerk's Default, or the instant Motion for Default Judgment.  (Docs. 1, 8, 14, 15, and 17).

**LEGAL STANDARD**

On a motion for default under Federal Rule of Civil Procedure 55(b)(2), this Court must accept and deem true the facts alleged in the complaint. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987); Tyco Fire & Sec., LLC v. Alcocer, 218 Fed.App'x. 860, 863 (11th Cir. 2007). If the admitted facts establish liability, then a plaintiff is entitled to relief against that defaulted defendant. Tyco Fire, 218 Fed.App'x. at 863. The Court must ensure that the well-pleaded allegations in the complaint, taken as true, "state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Id. The Defendant is still afforded an opportunity "to contest the sufficiency of the complaint and its allegations to support the judgment being sought." Id. (citing Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005)). The Court may enter a default judgment against a defendant without hearing when the damages are liquidated or capable of mathematical calculation. DirecTV, Inc. v. Griffin, 290 F.Supp.2d 1340, 1343–1345 (M.D. Fla. 2003) (citing James v. Frame (In re Frame), 6 F.3d 307, 309–311 (5th Cir. 1993); U.S. v. Ford 250 Pickup 1990, 980 F.2d 1242, 1246 (8th Cir. 1992); Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc., 722 F.2d 1319, 1323 (7th Cir. 1983)). To determine whether entry of default is appropriate, the Court should consider the following: 1) the amount in controversy; 2) whether material issues of fact or issues of substantial public importance exist; 3) whether the default is largely technical or substantive in nature; 4) whether the plaintiff has been substantially prejudiced by the delay involved; and 5) whether the grounds for default are clearly establish or are in doubt. Id.

## **LEGAL ANALYSIS**

Count I of the Complaint alleges Defendant violated the Telephone Consumer Protection Act, 47 U.S.C.A. § 227, et seq. ("TCPA"), and Count II of the Complaint alleges Defendant violated the Florida Consumer Collections Practices Act, Florida Statute Chapter 559, et seq. ("FCCPA"). Defendant was in the process of attempting to collect on an overdue account with Plaintiff. (Doc. 8 at ¶8). In an effort to collect on the overdue account, Defendant called Plaintiff's cellular telephone number two times per day from January through July, 2013, and up to six times per day from August, 2013, through January, 2014. (Doc. 8 at ¶9). Some of the calls Defendant placed to Plaintiff used an automatic telephone dialing system ("ATDS") that employed an automated or recorded message with a separate message that gave instructions to return the telephone call, and a number at which the Plaintiff could call. (Doc. 8 at ¶10). Each telephone call after April 20, 2013, was placed without Plaintiff's prior expressed consent and after Plaintiff had informed Defendant to stop sending threatening texts and stop calling her cellular telephone number. (Doc. 8 at ¶¶11, 15, 25). At the very least, Defendant called Plaintiff's telephone one hundred twenty-three (123) times between September 13, 2013, and December 19, 2013. (Doc. 8 at ¶ 18). Plaintiff was not provided an opportunity to remove her number from the ATDS, despite her desire to do so. (Doc. 8 at ¶¶19–24).

Federal law prohibits the use of ATDS to make any telephone calls "other than a call made for emergency purposes or made with the prior express consent of the called party) using any [ATDS] or an artificial or prerecorded voice…to any telephone number assigned to a…cellular telephone service[.]" 47 U.S.C.A. § 227(b)(1)(iii). Florida law prohibits persons collecting consumer debts from "willfully communicat[ing] with [a] debtor

3

or any member of her or his family with such frequency as can reasonably be expected to harass [a] debtor or her or his family, or willfully engag[ing] in other conduct which can reasonably be expected to abuse or harass [a] debtor or any member of her or his family." Fla. Stat. § 559.72(7).

Based on the violations of the respective statutes and the Court's findings, Plaintiff is entitled to $61,500—i.e., $500 statutory damages for each of the 123 telephone calls from September 13, 2013, through December 19, 2013.  Exercising the proscribed discretion of 47 U.S.C.A. § 227(b)(3), this Court declines to treble the damages.

Accordingly, it is **ORDERED** that the Motion for Default Judgment, (Doc. 17), is **GRANTED**.  The Clerk of Court shall enter a final judgment in favor of Plaintiff Ericka Miller in the amount of $61,500.  The Clerk of Court is directed to close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 7th day of April, 2015.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:    All Counsel and Parties of Record